**FILED**
**U.S. District Court**
**District of Kansas**
08/03/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**THEODORE JAMES PURDY, III,**

**Petitioner,**

v.                                                                      **CASE NO. 26-3262-JWL**

**JEFF ZMUDA,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner and Kansas prisoner Theodore James Purdy, III, who is represented by counsel. (Doc. 1.) He seeks federal habeas relief from his 2018 conviction of rape, for which he is currently imprisoned. *Id.* at 2. For the reasons set out below, Petitioner will be ordered to respond in writing regarding whether this case should be stayed and held in abeyance until he completes the related proceedings he anticipates initiating in the United States Supreme Court.

**Background**

In 2018, a jury in the District Court of Jackson County, Kansas convicted Petitioner of one count each of rape and aggravated indecent liberties with a child and the district judge sentenced him to concurrent sentences of life without the possibility of parole for 25 years. (Doc. 1, p. 2.) *See also State v. Purdy*, 2020 WL 1897370, *3 (Kan. Ct. App. April 17, 2020) (unpublished) (*Purdy I*), *rev. denied* Sept. 29, 2020. Petitioner pursued a direct appeal, but the Kansas Court of Appeals ("KCOA") affirmed the convictions and sentence and the Kansas Supreme Court ("KSC") denied review. *Purdy I*, 2020 WL 1897370, at *1. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 5.)

On October 21, 2021, Petitioner filed a motion in Jackson County District Court seeking

1

state habeas relief under K.S.A. 60-1507. *Id.* at 5-6. The state district court held an evidentiary hearing, after which it vacated the conviction for aggravated indecent liberties with a child and granted a new trial on that charge. *See Purdy v. State*, 2025 WL 2180316, *1 (Kan. Ct. App. Aug. 1, 2025) (unpublished) (*Purdy II*), *rev. denied* May 19, 2026. Petitioner appealed the district court's denial of K.S.A. 60-1507 relief on the rape conviction, but on August 1, 2025, the KCOA affirmed the district court's judgment. *Id.* The KSC denied review on May 19, 2026. Petitioner advises this Court that he "will be filing a petition for writ of certiorari in the U.S. Supreme Court, which is due August 17, 2026." (Doc. 1, p. 8.)

Petitioner filed his 28 U.S.C. § 2254 petition in this Court on July 27, 2026, seeking federal habeas relief from the rape conviction. (Doc. 1.) As grounds for relief, he asserts (1) he received ineffective assistance of trial counsel; (2) his rights to due process and against self-incrimination, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, were violated when the trial court admitted at trial his involuntary statements to law enforcement; *Id.* at 8, 11. As relief, Petitioner asks for an evidentiary hearing in this matter and for the Court to vacate and set aside the rape conviction and related sentence. *Id.* at 16.

## Rule 4 Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254.

## Analysis

The Court has conducted the Rule 4 review and concludes that this petition was timely

filed[1] and both of the grounds asserted in the petition appear to be exhausted.[2] Generally speaking, at this point, the Court would order Respondent to file an answer and provide all relevant state court records. *See* Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. This case presents an unusual procedural circumstance, however: Petitioner advises that he intends to file a petition for writ of certiorari in the United States Supreme Court related to the state courts' denial of state habeas relief on his rape conviction. (Doc. 1, p. 8.)

This decision[3] has practical consequences. This Court does not opine on the chances of Petitioner's success in seeking a writ of certiorari from the United States Supreme Court. It notes, however, that if the Supreme Court grants certiorari and ultimately grants the relief Petitioner seeks in that matter—a holding that the state habeas courts should have reversed his rape conviction— the rape conviction will be reversed or vacated and the federal habeas case now before this Court will become moot. *See Cheatham v. Cline*, 543 Fed. Appx. 775, 777 (10th Cir. Oct. 23, 2013) (unpublished order) (citing *Hayes* and explaining that "reversal of a [state] conviction moots the [federal] habeas claim"); *cf. Hayes v. Evans*, 70 F.3d 85, (10th Cir. 1995) (holding § 2254 must be dismissed as moot when the challenged state conviction was reversed by state appellate court prior to a decision in the § 2254 action).

Moreover, Ground One of the federal habeas petition now before this Court asserts ineffective assistance of trial counsel, an argument that was raised in the state courts only in the K.S.A. 60-1507 proceedings. Moving forward in this federal habeas case and considering the

---

[1] The Court notes that counsel for Petitioner asserts that the deadline for filing the instant petition was July 27, 2026. (Doc. 1, p. 15-16.) The calculations set out in the petition, however, do not account for the United States Supreme Court's miscellaneous orders related to COVID-19, which expanded the time to file a petition for writ of certiorari to 150 days. *See* Sup. Ct. Misc. Orders dated Mar. 19, 2020 and July 19, 2021. Because this means only that the deadline for Petitioner to file his federal habeas petition was later than calculated, the Court need not address timeliness further.
[2] This preliminary conclusion will not act to prevent Respondent from raising exhaustion arguments at a later date in this case if he chooses to do so.
[3] To be clear, the Court does not imply that Petitioner should alter his intent to file a petition for writ of certiorari related to the K.S.A. 60-1507 case.

3

merits of Ground One while Petitioner separately and simultaneously seeks Supreme Court review of the same issue would, at best, seem to be an inefficient use of the Court's limited resources. "A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

The situation in which the Court finds itself appears most analogous to that involving a "mixed petition," which is a federal habeas petition that contains both exhausted and unexhausted claims and state-court remedies are still available for the unexhausted claims. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). Although no *state-court* remedies remain for Petitioner's ineffective-assistance-of-counsel claim in Ground One, Petitioner has—and intends to pursue—a remedy potentially available in the United States Supreme Court. Generally, when faced with a mixed petition, a federal court dismisses the federal habeas case "without prejudice so that the petitioner can pursue available state-court remedies." *Id.* Therefore, the Court has considered dismissing this matter without prejudice to refiling after Petitioner concludes any related proceedings in the United States Supreme Court.

In this case, however, even a dismissal without prejudice might effectively prevent Petitioner from seeking federal habeas relief by allowing the federal statute of limitations to expire while he seeks relief in the Supreme Court. The federal statute of limitations includes a statutory tolling provision that pauses the federal habeas statute of limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *See* 28 U.S.C. § 2244(d)(2). But this provision does not apply while a petition for writ of certiorari of a post-conviction motion is pending before the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). And the federal habeas statute of limitations is not statutorily tolled while a federal habeas action is pending. *See*

*Duncan v. Walker*, 533 U.S. 157, 181-82 (2001).

Under this caselaw, if this Court dismisses the federal habeas matter now before it without prejudice, the federal habeas statute of limitations would resume and would be counted as though this action was never filed. Although the Supreme Court might act quickly and deny a petition for writ of certiorari before the federal habeas statute of limitations expires, leaving Petitioner able to timely file a new federal habeas petition, there is no guarantee that it will do so. Therefore, in an abundance of caution, the Court is inclined to stay this federal habeas case and hold it in abeyance until the conclusion of the proceedings in the United States Supreme Court related to Petitioner's K.S.A. 60-1507 case. A stay of this case would relieve the Court from expending its limited resources on work that might turn out to be unnecessary and duplicative. It also would ensure that the statute of limitations for seeking federal habeas relief does not expire while Petitioner awaits a decision on his petition for writ of certiorari or in any subsequent proceedings in the United States Supreme Court.

The Court will grant Petitioner time to show cause, in writing, why this matter should not be stayed and held in abeyance for the reasons set forth above. Petitioner may present in his response any argument against a stay and any alternative courses of action he proposes. If Petitioner agrees that a stay is the proper course of action, he should so state in his response. If this case is stayed, the Court will enter an order setting a deadline for Petitioner to file the first of periodic status reports on the proceedings before the United States Supreme Court. In the alternative, if Petitioner chooses to forego filing a petition for writ of certiorari in the United States Supreme Court, he may so inform this Court, in writing, and the Court will order Respondent to file an answer to the federal habeas petition filed in this case.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **September 3, 2026** in which to respond, in writing, to this order.

**IT IS SO ORDERED.**

DATED:   This 3rd day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

6