FILED
U.S. District Court
District of Kansas
11/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**THEODORE JAMES PURDY, III,**

**Petitioner,**

**v.** **CASE NO. 26-3262-JWL**

**JEFF ZMUDA,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2254 brought by Petitioner and state prisoner Theodore James Purdy, III. (Doc. 1.) Shortly after filing, the Court stayed this case and held it in abeyance pending disposition of a related petition for writ of certiorari that was pending before the United States Supreme Court. (*See* Docs. 2 through 4.) On November 6, 2026, Petitioner filed a status report (Doc. 5) advising this Court that the Supreme Court has denied Petitioner's petition for writ of certiorari. Petitioner asks this Court therefore to lift the stay in this case. The Court agrees that the stay should be lifted.

The Court has conducted an initial review of the petition (Doc. 1) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED** that the stay of this matter is **lifted**.

**IT IS FURTHER ORDERED**

1. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent shall file an answer on or before **January 11, 2027** showing why the writ should not be granted based on the arguments in the petition (Doc. 1) and attachments thereto.
2. That the answer should present:
   a. The necessity for an evidentiary hearing on the grounds alleged in Petitioner's pleading;
   b. Whether any argument in the petition is barred by a statute of limitations or any other procedural bar; and
   c. An analysis of the asserted grounds for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

3. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.
4. That Petitioner be granted to and including **February 11, 2027** to file a traverse—or reply—to the answer, admitting or denying, under oath, all factual allegations therein contained.
5. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit

copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 9th day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge